Vogel v. The City of St. Louis, Appellant; Green et al., Interpleaders, Respondents.

Circuit Clerk of City of St. Louis : PUBLIC MONEYS.    Under the pleadings and evidence in this case, held, that certain funds turned over by an outgoing clerk of the circuit court of the city of St. Louis

to his successor in office, and by the latter delivered to his successor, were not public moneys, and as such did not belong to the city.

*Appeal from St. Louis Court of Appeals.*

AFFIRMED.

*Leverett Bell* for appellant.

In the absence of proof, the presumption is that the money which Thornton paid to his successor, was money held by him as clerk of the court, and not his private funds. To hold otherwise, is to presume that Thornton had embezzled the trust funds committed to his charge. The Supreme Court of the United States, in *Bunce v. United States*, 17 How. 443, say: "No officer without proof will be presumed to have violated his duty." The rule is applied in *United States v. Earhart*, 4 Sawyer 245. The doctrine of *Miller v. Dunn*, 62 Mo. 225, and *Baker v. Underwood*, 63 Mo. 389, is that an officer is presumed to have done his duty, until the contrary appears.

*H. A. & A. C. Clover* for respondent.

BLACK, J.—This is a proceeding in the nature of a bill of interpleader in which the plaintiff discloses that he is clerk of the St. Louis circuit court, and that there is in his hands, as clerk, some fourteen hundred dollars, which is claimed by the city of St. Louis on the one hand, and by the other defendants on the other. Mr. Thornton was clerk of that court from January 4, 1875, to February 22, 1878, at which date he was removed from office and Mr. Stock became his successor. At the time of his removal he held sums of money, amounting to over $14,000, which had been deposited with him as such clerk during pending litigation over the same. He gave to Mr. Stock certain checks and a certificate of deposit, which Mr. Stock collected, except part of the certificate of deposit, and paid out considerable portions to persons

entitled to the same on account of these special deposits, and the remainder and the certificate of deposit Mr. Stock turned over to his successor in office, the plaintiff. Plaintiff has collected the balance due on the certificate of deposit, paid off the special deposits in court, and there is a balance in his hands, which is the fund in dispute.

To support the right of the city of St. Louis to this money, these facts are disclosed. On February 4, 1878, Mr. Thornton made a settlement in the court of which he was clerk, whereby there were found to be in his hands fees received by him for the year ending December 31, 1877, the sum of $12,205.66, which he was then ordered to pay into the city treasury. By another settlement made on the same day, there were found to be in his hands fees earned and taxed in the clerk's office during a former term of Mr. Lewis, and which fees were collected by Mr. Thornton from January, 1875, to February, 1877, to the amount of $11,513.03. This sum he was, also, directed to pay into the city treasury. Thornton had, in addition to all this, collected some $5,000 and over, consisting of jury and judges' fees, and fees belonging to others. Mr. Thornton paid no part of these various amounts. The City sued the sureties of Thornton on his official bond to recover these sums of money, and the matter was finally settled between the city and the sureties, by which they paid some twelve thousand dollars, and received a discharge from further liability on the bond by the city, but Thornton's estate, he being at that time dead, was not released. There is still due to the city over $17,000, and Thornton's estate is insolvent.

The other defendants claim the fund in question by virtue of a deed made to them by Thornton, dated February 6, 1879, and duly recorded, which recites that they are the sureties of Thornton on his official bond as clerk, and upon which a liability has accrued, and conveys and assigns to them "all and all manner of goods, chattels,

debts, accounts, claims, moneys, and all other things of me, the said J. Fred. Thornton.''

With respect to the source from which the fund in dispute arose and how received by Mr. Stock, the petition states that large amounts of money came to Thornton's hands as special deposits in court; that there remained in his hands the sum of fourteen thousand dollars and over, and in order to secure the payment of that amount, he, Thornton, delivered to Stock, as such clerk and as his successor in that office, the checks and certificates of deposit. The answer of the city of St. Louis, as to this, is, that these funds so paid to Stock and the residue which came to Mr. Vogel, were public moneys, received by Thornton in his official capacity, and there was no proof of this sum, as may be inferred from the facts before stated.

It may be true, as a general proposition, that where one outgoing officer pays or delivers to his successor checks, as was done in this case, that the presumption, in the absence of all evidence, is, that the checks represent moneys which belong to the office, and in which the party thus turning over the checks has no personal interest. But while there is no express evidence in the case, as the terms upon which Mr. Stock received these checks and the certificates, still it does appear by the pleadings that there were in the hands of Mr. Thornton $14,487.00, which he held as deposits with him in litigated causes, and which it was the duty of the clerk to have and pay over to the parties entitled thereto, by the orders of the court. The money received on these checks was used for that purpose, and, with the exception of the balance in dispute, was from time to time paid out under the orders of the court. The acts and conduct of the parties with respect to this fund are entitled to much weight, for the city does not appear to have made any claim to it, so long as it was being thus applied. It was certainly the duty of Mr. Thornton to pay into the city

' treasury the sums of money found to be due at the settlements made on the fourth of February, 1878, but it was not his duty to pay the same to the succeeding clerk. In no event can it be presumed that these checks represented moneys then ordered to be paid to the city, for the succeeding clerk had nothing to do with this indebtedness of Thornton. The city has not only failed to show that these checks were public moneys, in the hands of Mr. Thornton, but the evidence and admitted facts in the case lead to the opposite conclusion. We do not understand that any claim is now made to this money by the city on any other ground than this, that upon the pleadings and evidence, as it stands in the record, the presumption is that this money is the property of the city. This we hold is not the correct conclusion, and the judgment of the court of appeals is affirmed. All concur.